UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARNITA N. ROBERSON ]
    Plaintiff, ]
     ]
v. ] No. 3:06-0794
     ] Judge Trauger
JUDGE LEON RUBEN, ET AL. ]
    Defendants. ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Tennessee Prison for Women in Nashville. She brings this action pursuant to 42 U.S.C. § 1983 against Leon Ruben, a Davidson County General Sessions Judge; Carolyn Piphus, a Davidson County General Sessions Commissioner; and two Davidson County Probation Officers; seeking injunctive relief and damages.

In August, 2005, a probation violation warrant was issued for the plaintiff's arrest. The plaintiff claims that she was falsely arrested and "remained incarcerated without cause for one week". Complaint at pg. 6.

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official offices rather than the individuals themselves. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). In essence, then, the plaintiff's claims are against Davidson County, the

municipal entity that employs the defendants. See Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or one of its agents. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The plaintiff has offered nothing to suggest that her rights were violated pursuant to a policy or regulation of Davidson County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge